**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO.: 5:98 CR 123-8**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **MICHAEL GLENN BENTLEY,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's Motion for Court to Appoint Assistance of Counsel (Rule 44), (file doc. 224), filed on January 18, 2005, and his Memorandum of Law Pursuant to Rule 52(b) of the Rules of Criminal Procedure, (file doc. 225), filed October 17, 2005. The Government has not responded and the time to do so has expired. Accordingly, this Motion is ripe for disposition.

On September 14, 1998, Defendant pled guilty to one count of conspiracy to possess with intent to distribute, quantities of cocaine and cocaine base, Sch. II controlled substances, and a quantity of marijuana, a Sch. I controlled substance. On September 9, 1999, a criminal judgment was entered, sentencing Defendant to 120 months imprisonment. On May 28, 2002, Defendant filed a "Motion Pursuant to Fed. R. Crim. Proc. Rule 52(b) Plain Error or in the Alternative Rule 12(b)(2)." The Court then ordered the Government to respond to this Motion, which it did on July 11, 2002. On July 19, 2002, this Court denied Defendant's motion pursuant to Rule 52(b). Defendant appealed this Order, and on January 2, 2003, the Fourth Circuit Court of Appeals issued an Unpublished Opinion in which it affirmed this Court's ruling.

The Motion before the Court today deals with the same issues raised in Defendant's previous Rule 52(b) Motion. Defendant cites cases such as *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to argue that the determination of the length of his sentence was unconstitutional. Defendant's arguments were thoroughly considered by this Court in 2002, and his motion was denied then. And, the Fourth Circuit reviewed this Court's determination and affirmed it in 2003. For the reasons stated in this Court's July 19, 2002 Order, and the Fourth Circuit's January 2, 2003 Unpublished Opinion, Defendant's Motion is denied.

In addition, the Court will briefly address Defendant's request to have counsel appointed pursuant to Rule 44 of the Rules of Criminal Procedure. Rule 44 provides for counsel "at every stage of the proceeding from initial appearance through appeal." It does not, however, provide for counsel for post-sentencing motions before the District Court. There is no constitutional right to court-appointed counsel in proceedings post-sentencing, except for an appeal. Furthermore, the Court does not have the funds available to provide defendants with court-appointed counsel to assist with post-sentencing proceedings.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Court to Appoint Assistance of Counsel (Rule 44), (file doc. 224), and his Memorandum of Law Pursuant to Rule 52(b) of the Rules of Criminal Procedure, (file doc. 225), are hereby **DENIED**.

Signed: February 2, 2006

Richard L. Voorhees
Chief United States District Judge